NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2009
Decided June 16, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4173

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana. |
| *v.* | No. 1:07-CR-104-TS |
| MICHAEL A. KING, JR., *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

**O R D E R**

Michael King, Jr. pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). Under the plea agreement King reserved his right to appeal the district court's denial of his motion to suppress the gun, which was found when the police opened his car door during a traffic stop. The court sentenced King to 21 months' imprisonment, and he now appeals. Because the officers had the requisite reasonable suspicion to open the door, we affirm the district court's judgment.

In November 2007, officers Nicholas Lichtsinn and Chris Hoffman, assigned to the gang unit of the Fort Wayne, Indiana police department, observed a Buick idling outside a

"known gang member hangout." While watching the car Officer Lichtsinn saw two people get into the vehicle and drive off. The officers began following the car, intending to pull it over if the driver committed a traffic violation.

The violation occurred at approximately 10:30 p.m. as the car came to a stop sign and the driver began turning eastbound. He did not signal the turn until the car "was in the process of turning at the intersection," which violated state law, *see* Indiana Code § 9-21-8-25. The officers then initiated the traffic stop with their emergency lights and siren, and the car pulled over a half-block later. As Officer Lichtsinn approached the passenger's side, he noticed the passenger, King, moving his shoulders up and down, possibly placing something in between the seat and door. The officers agreed that both occupants were gesturing and shifting more than is typical during a traffic stop.

Officer Hoffman, approaching the driver's side, observed the driver with his hand under his right leg. With the driver's window open, he repeatedly ordered both occupants to show him their hands. Neither King nor the driver complied. At that point, fearing for his safety, Officer Lichtsinn opened the passenger door to check for accessible weapons and saw King's hand resting on top of a gun nestled between the seat and car door. Officer Lichtsinn immediately yelled "gun," securing King's hands and forcing him out of the car, while Officer Hoffman put the driver in handcuffs. After determining that King was a convicted felon, the officers placed him under arrest for unlawfully possessing the gun. *See* 18 U.S.C. § 922(g)(1).

King responded to the charge with a motion to suppress the firearm. He conceded that the officers had probable cause to stop the car, but argued that by opening the passenger door Officer Lichtsinn engaged in an unlawful search of the vehicle. Following a suppression hearing, the district court found that the totality of the circumstances—travel from a known gang house, delay before pulling over, the occupants' unusual movements after pulling over, and an apparent refusal to obey Officer Hoffman's commands—justified the protective search. Soon thereafter King reached a plea agreement with the government, and the district court sentenced him to 21 months' imprisonment.

King makes only one argument on appeal. He contends that the court should have suppressed the gun because the officers had no reasonable basis to conclude that he posed a threat to their safety when Officer Lichtsinn opened the passenger door. We review a district court's legal conclusions on a motion to suppress de novo and its factual findings for clear error. *United States v. Thomas*, 512 F.3d 383, 385 (7th Cir. 2008).

At the outset, King rightly does not dispute the constitutionality of the traffic stop. The officers pulled the car over because, in violation of Indiana state law, the driver failed

to signal his turn at least 200 feet before the intersection. *See* Indiana Code § 9-21-8-25. Because an officer's subjective motive for a traffic stop is irrelevant to its validity, *see Whren v. United States*, 517 U.S. 806, 810-13 (1996); *United States v. Figueroa-Espana*, 511 F.3d 696, 701 (7th Cir. 2007), the only issue remaining is whether Officer Lichtsinn was justified under the Fourth Amendment in opening the passenger door to conduct a protective search for accessible weapons.

The Fourth Amendment's protection against "unreasonable searches and seizures" extends to "brief investigatory stops of persons or vehicles." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). At the same time, though, we respect "the need for law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest." *Terry v. Ohio*, 392 U.S. 1, 24 (1968). Because of these dangers, an officer may order a vehicle's occupants out of the car during a routine traffic stop. *See Maryland v. Wilson*, 519 U.S. 408, 410 (1997); *United States v. Muriel*, 418 F.3d 720, 726 (7th Cir. 2005). Alternatively, if the officer has a reasonable suspicion that the driver or passenger is armed or may be able to gain immediate control of a weapon, he may conduct a protective search of the passenger compartment for accessible weapons. *See, e.g., Arizona v. Gant*, 129 S. Ct. 1710, 1719-20 (2009); *Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983); *United States v. Arnold*, 388 F.3d 237, 239 (7th Cir. 2004). In doing so, the officer must have "specific, articulable facts which, in combination with inferences to be drawn from those facts, reasonably warrant the intrusion." *United States v. Fryer*, 974 F.2d 813, 819 (7th Cir. 1992); *Long*, 463 U.S. at 1049. In assessing the reasonableness of any search, we balance the degree of the intrusion against the government's justification for the search. *See United States v. Knights*, 534 U.S. 112, 118-19 (2001).

Here, the occupants' behavior gave Officer Lichtsinn reason to fear for his safety and authority to open the passenger door to determine if King had a weapon. *See United States v. Whitaker*, 546 F.3d 902, 911 (7th Cir. 2008). Before pulling the car over, the officers saw it leave a "known gang member hangout." Then, after the stop, both occupants made furtive gestures and unusual movements consistent with weapons concealment, followed by multiple refusals to show their hands. All of these factors, combined in their totality, support the reasonableness of Officer Lichtsinn's decision to open the car door to conduct a limited, protective search for an accessible weapon. *See Whitaker*, 546 F.3d at 911; *Arnold*, 388 F.3d at 240-41; *United States v. Brown*, 188 F.3d 860, 865 (7th Cir. 1999); *Fryer*, 974 F.2d at 819; *see also United States v. Washington*, 559 F.3d 573, 576-77 (D.C. Cir. 2009). And once he opened the door, the gun appeared in plain view, entitling him to seize it under the plain-view doctrine. *See United States v. Bruce*, 109 F.3d 323, 328 (7th Cir. 1997).

King responds by arguing that each individual factor does not by itself justify the intrusion. The proper standard, however, is not whether Officer Lichtsinn's decision to open the passenger door to search for an accessible weapon is justified by every single factor offered in support of the search. Rather, it is whether all of the specific, articulable bases, *taken together*, justified his suspicion that King was armed and dangerous, even if each and every individual factor did not by themselves justify the search. *See Long*, 463 U.S. at 1049; *Brown*, 188 F.3d at 865. Furtive movements consistent with weapons concealment and disobedience of an officer's repeated command to show one's hands justifies a limited, minimally intrusive search to see if a weapon is evident.

Accordingly, we **AFFIRM** the judgment of the district court.